## TALMADGE v. STRETCH.

### No. 8699; May 29, 1884.

#### 4 Pac. 15.

**Promissory Note—Parol Evidence.—Where a Receipt and a Note** are executed contemporaneously, the receipt is admissible in an action on the note, where there is evidence to show that both were part of one transaction; and oral testimony is admissible to apply the receipt to the note and to prove that it was the only consideration for the note.

**Promissory Note—Consideration.—Money Advanced by the Plaintiff** to the defendant on account of the latter's share of the capital in a business, which sum he was to invest and contribute to the business, is sufficient consideration to support a note given to secure such sum, and plaintiff may recover on such note, though the plaintiff and defendant were partners at the time of giving such note.

APPEAL from the Superior Court of San Joaquin County.

J. B. Hall for appellant; Byers & Elliot for respondent.

By the COURT.—1. There was a substantial conflict in the evidence with reference to the truth or falsehood of the matter set up in defendant's answer.

2. The receipt was admissible, as there was evidence tending to prove that it was executed and delivered contemporaneously with the note; that both papers were parts ·of one contract or transaction.

3. The oral testimony was admissible to apply the receipt to the note, to prove that it was given in return and as the only consideration for the note:

4. The plaintiff requested the court to instruct the jury: "If the jury find from the evidence that the note was given to secure to the plaintiff money which plaintiff had advanced for defendant, on account of the defendant's share of the capital, which he was to contribute and invest in the business, then the note is supported by a sufficient consideration, and the plaintiff is entitled to recover, although the plaintiff and the defendant were partners at the time of the giving of the note."

Appellant assigns as error the refusal of the court below to give the foregoing instruction.

It is said by respondent there was no evidence upon which to base the instruction. But the plaintiff testified: "I kept a memorandum of all my expenses, whether of labor done, materials furnished, or money advanced by myself. . . . . Well, Mr. Stretch and me looked over the account, from time to time, that was with us; counted everything, and I asked him for his part or his note. He had disappointed me in furnishing his portion. The note was given on the settlement of the first kiln of bricks in which we was partners. We first talked of three hundred and fifty dollars, but I had the hauling, and I told him I had to pay out considerable, and finally I said I thought three hundred and seventy-five dollars would be about right, and· he agreed to give it to me, and he said he thought he would be able to pay it in a short time; and finally he came out in the field one day where I was heading and said he would like to turn so much where he was owing,

and asked me to give him an order, and he gave me a note, and I gave him what I supposed to be an order; he called it an order, and I supposed it was. I did not read either paper; he read them both over.''

The testimony of plaintiff, if credible, tended to prove that the promissory note was given in consideration of money advanced by plaintiff for defendant toward the latter's share of the capital by him to be contributed. The instruction should therefore have been given.

Judgment and order reversed and cause remanded for a new trial.